1  BENJAMIN B. WAGNER
   United States Attorney
2  JASON HITT
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America

**FILED**
OCT 3 0 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:14-cr-0310 KJM |
|---|---|
| Plaintiff, | 18 U.S.C. § 1951(a) – Conspiracy to Commit a Robbery Affecting Interstate Commerce; 21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Distribute and to Possess with Intent to Distribute Marijuana; 18 U.S.C. § 924(c)(1)(A)(ii) – Brandishing a Firearm in Furtherance of a Crime of Violence and Drug Trafficking Crime; 21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1), 18 U.S.C. § 981(a)(1)(C), & 28 U.S.C. § 2461(c) - Criminal Forfeiture |
| v. |  |
| CLORENZO GRIFFEN, ANDRE JAMISON, and RODNEY RACKLEY, |  |
| Defendants. |  |

# INDICTMENT

COUNT ONE: [18 U.S.C. § 1951(a) – Conspiracy to Commit a Robbery Affecting Interstate Commerce]

The Grand Jury charges: T H A T

CLORENZO GRIFFEN,
ANDRE JAMISON, and
RODNEY RACKLEY,

defendants herein, between on or about October 10, 2014, and continuing through on or about October 11, 2014, in the Counties of Yuba and Sutter, State and Eastern District of California, and elsewhere, did knowingly and intentionally conspire and agree with each other and with persons known and unknown to the Grand Jury to unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, "commerce," as that term is defined in Title 18, United States Code, Section 1951, and the movement of

INDICTMENT                                          1

articles and commodities in such commerce, by "robbery," as that term is defined in Title 18, United States Code, Section 1951, all in violation of Title 18, United States Code, Section 1951(a).

COUNT TWO: [21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Distribute and to Possess with Intent to Distribute Marijuana]

The Grand Jury further charges: T H A T

CLORENZO GRIFFEN,
ANDRE JAMISON, and
RODNEY RACKLEY,

defendants herein, between on or about October 10, 2014, and continuing through on or about October 11, 2014, in the Counties of Yuba and Sutter, State and Eastern District of California, and elsewhere, did knowingly and intentionally conspire and agree with each other and with persons known and unknown to the Grand Jury to distribute and to possess with intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

COUNT THREE: [18 U.S.C. § 924(c)(1)(A)(ii) – Brandishing a Firearm in Furtherance of a Crime of Violence and Drug Trafficking Crime]

The Grand Jury further charges: T H A T

CLORENZO GRIFFEN,
ANDRE JAMISON, and
RODNEY RACKLEY,

defendants herein, on or about October 11, 2014, in the State and Eastern District of California, did knowingly brandish one or more firearms, specifically, one .40 caliber pistol, serial number PLS435, manufactured by Glock, and one .40 caliber pistol, serial number VZR544, manufactured by Glock in furtherance of a crime of violence, specifically, conspiracy to commit a robbery affecting interstate commerce, as charged in Count One of the Indictment, and a drug trafficking crime for which he may be prosecuted in a court of the United States, specifically, conspiracy to distribute and possess with intent to distribute marijuana, as charged in Count Two of the Indictment, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

///

FORFEITURE ALLEGATION: [21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1), 18 U.S.C. § 981(a)(1)(C), & 28 U.S.C. § 2461(c) –Criminal Forfeiture]

1. 1. Upon conviction of the offense alleged in Count One of this Indictment, defendants CLORENZO GRIFFEN, ANDRE JAMISON, and RODNEY RACKLEY shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violation, including but not limited to the following:

a) A sum of money equal to the amount of proceeds traceable to such offense, for which defendants are convicted.

2. Upon conviction of the offense alleged in Count Two of this Indictment, defendants CLORENZO GRIFFEN, ANDRE JAMISON, and RODNEY RACKLEY shall forfeit to the United States pursuant to 21 U.S.C. § 853(a), the following property:

a. All right, title, and interest in any and all property involved in violation of 21 U.S.C. § 841(a)(1), or conspiracy to commit such offense, for which defendants are convicted, and all property traceable to such property, including the following: all real or personal property, which constitutes or is derived, directly or indirectly, from proceeds obtained, directly or indirectly, as a result of such offense; and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of the offense.

b. A sum of money equal to the total amount of proceeds obtained as a result of the offense, or conspiracy to commit such offense, for which defendants are convicted.

3. Upon conviction of the offense alleged in Count Three of this Indictment, defendants CLORENZO GRIFFEN, ANDRE JAMISON, and RODNEY RACKLEY shall forfeit to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense.

4. If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Three of this Indictment, for which defendants are convicted:

a. cannot be located upon the exercise of due diligence;

| | | | |
|---|---|---|---|
|1| |b.|has been transferred or sold to, or deposited with, a third party;|
|2| |c.|has been placed beyond the jurisdiction of the Court;|
|3| |d.|has substantially diminished in value; or has been commingled with other|

property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of defendants, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA
_____
FOREPERSON

*Benjamin Wagner* (signature)
BENJAMIN B. WAGNER
United States Attorney

INDICTMENT 4

No. _____

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA

vs.

CLORENZO GRIFFEN,
ANDRE JAMISON, and
RODNEY RACKLEY

### I N D I C T M E N T

**VIOLATION(S):** 18 U.S.C. § 1951(a) – Conspiracy to Commit a Robbery Affecting Interstate Commerce; 21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Distribute and to Possess with Intent to Distribute Marijuana; 18 U.S.C. § 924(c)(1)(A)(ii) – Brandishing a Firearm in Furtherance of a Crime of Violence and Drug Trafficking Crime; 21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1), 18 U.S.C. § 981(a)(1)(C), & 28 U.S.C. § 2461(c) - Criminal Forfeiture

*A true bill,* /s/ Signature on file w/AUSA

_____
*Foreman.*

*Filed in open court this* ___30___ *day*

*of* ___October___, A.D. 20_14_

_____
*Clerk.*

*Bail, $* All defendants: No Bail – Previously ordered Detained.

Dale A. Drozd

GPO 863 525

# United States v. GRIFFEN, et al.
## Penalties for Indictment

**Defendants**
Clorenzo GRIFFEN
Andre JAMISON
Rodney RACKLEY

**COUNT 1**        **ALL DEFENDANTS**

VIOLATION:    18 U.S.C. § 1951(a) - Conspiracy to Commit a Robbery Affecting Interstate Commerce

PENALTIES:    Sentence of up to 20 years in prison; or
Fine of up to $250,000; or both fine and imprisonment
Period of supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 2**        **ALL DEFENDANTS**

VIOLATION:    21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Distribute and Possess with Intent to Distribute Marijuana

PENALTIES:    Mandatory minimum of 10 years in prison and a maximum of up to life in prison; or
Fine of up to $10,000,000; or both fine and imprisonment
Period of supervised release of at least 5 years up to life

SPECIAL ASSESSMENT: $100 (mandatory on each count)

**COUNT 3**        **ALL DEFENDANTS**

VIOLATION:    18 U.S.C. § 924(c) – Brandishing a Firearm in Furtherance of a Crime of Violence and a Drug Trafficking Crime

PENALTIES:    Mandatory minimum sentence of at least 7 years with a maximum penalty of life in prison. Any sentence imposed on this count shall run <u>consecutive</u> to any sentence imposed on either of Counts One or Two in the Indictment
Fine of up to $250,000,
Period of supervised release of up to 3 years.

SPECIAL ASSESSMENT: $100 (mandatory on each count)

## FORFEITURE ALLEGATION: ALL DEFENDANTS

VIOLATION: 21 U.S.C. § 853(a) - Criminal Forfeiture (Drug Offense in Count 1)

PENALTIES: Upon conviction of the controlled substance offense alleged in the Indictment, the defendants may be forced to forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the drug trafficking crime charged and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of that violation.

VIOLATION: 18 U.S.C. § 924(d) & 28 U.S.C. § 2461(c) - Criminal Forfeiture (Firearm Offense in Count 3)

Upon conviction of the offense alleged in Count Three of this Indictment, the defendants shall forfeit to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved or used in the knowing commission of that offense.